IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| ADRIANA GUTIERREZ, § § § Plaintiff, § § VS. § § OCWEN LOAN SERVICING, LLC, AS SERVICER FOR THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A., AS SUCCESSOR TO JP MORGAN CHASE BANK, N.A., AS TRUSTEE FOR RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC., MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2006-RP3, § § § § § § § § § § § § § § Defendant. § | CASE NO.:7:18-cv-00082 |

## NOTICE OF REMOVAL

Defendant Ocwen Loan Servicing, LLC ("Ocwen") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## BACKGROUND

On March 5, 2018, Plaintiff Adriana Gutierrez ("Gutierrez" or "Plaintiff") filed an Original Petition against Ocwen in the 430th District Court of Hidalgo County, Texas (the "Action").[1] Plaintiff requests temporary and permanent injunctive relief to prevent Ocwen from foreclosing its lien secured against the 104 E. Yellowhammer Avenue, McAllen, Texas 78504

---

[1] *See* Plaintiff's Petition for Temporary Injunction and Temporary Restraining Order Without Bond ("Pet."), Exhibit 2.

(the "Property").[2]

Citation was issued on March 5, 2018, however, there is no evidence in the state court file that Ocwen was properly served.[3]  As such, this removal is timely pursuant to 28 U.S.C. §1446(b).

### DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332

This Court has original jurisdiction over the Action pursuant to 28 U.S.C. §§1332 and 1441 because:  (1) there is complete diversity between Plaintiff and Defendant; and (2) the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.     Complete Diversity Exists.**

There is complete diversity between Plaintiff and Defendant.

**1.     Plaintiff is a Citizen of Texas.**

As alleged in Plaintiff's Petition, Plaintiff is a resident and citizen of Hidalgo County, Texas.[4]

**2.     Ocwen is a Citizen of the U.S. Virgin Islands.**

Ocwen is a citizen of the U.S. Virgin Islands for purposes of diversity jurisdiction. Ocwen is a limited liability company.  The citizenship of a limited liability company is determined by the citizenship of its members.  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008).  Ocwen's sole member is Ocwen Mortgage Servicing, Inc. ("OMS"), a corporation which is incorporated in and has its principal place of business in the U.S. Virgin Islands.  OMS is a citizen of the U.S. Virgin islands because a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business.  28 U.S.C. § 1332(c); *see also Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d

---

[2] *See* Pet. ¶ 1.
[3] *See* Citation, Exhibit 6.
[4] Pet. ¶¶ 1-2.

1254, 1258 (5th Cir. 1988). Therefore, Ocwen is a citizen of the U.S. Virgin Islands because that is the citizenship of its sole member.

B.   **Amount in Controversy Met.**

The amount in controversy exceeds $75,000 exclusive of interest and costs. Plaintiff seeks to restrain Defendant from foreclosing its lien against real property and prevent foreclosure through, among other things, seeking declaratory and injunctive relief.[5] Where "[t]he purpose of the injunctive [or] declaratory relief [is] to stop the foreclosure sale of . . . properties, 'the amount in controversy . . . is the value of the right to be protected or the extent of the injury to be prevented.'" *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)). The current value of the Property according to the appraisal district is $321,017.[6] Therefore, the amount in controversy requirement is met.

## VENUE IS PROPER IN THIS COURT

Venue in this Court is proper under 28 U.S.C. §§ 1441(a) and 1446(a), which provide for removal of any civil action to the federal district court for the district and division embracing the place where the state court action is pending. This Court embraces the 430th District Court of Hidalgo County, Texas, which is the state court in which this Action was filed and pending. 28 U.S.C. §§1391 and 1441(a).

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL SATISFIED

Pursuant to 28 U.S.C. §1446(a), true and correct copies of all process, pleadings, orders and docket sheets from the state court file of the Action are being filed with this Notice of

---

[5] Pet. ¶¶ 25-32.
[6] *See* Exhibit 8.

Removal.[7]  Ocwen is filing with the clerk of the state district court in which this Action is pending, and is serving upon Plaintiff, a Notice of Removal, together with Notice of Removal and supporting documentation, pursuant to 28 U.S.C. §1446(d).

## **REMOVAL IS PROPER TO THIS COURT**

Ocwen has met the requirements for removal of this Action to this Court under 28 U.S.C. §§1331, 1441 and 1446.  This Notice of Removal is filed subject to and without waiver of all rights and defenses of Ocwen to Plaintiff's claims herein.

---

[7] *See* Exhibits 1-7.

DATE: March 16, 2018                    Respectfully submitted,

*/s/ Adam Nunnallee*
Brett W. Schouest
112 East Pecan, Suite 1800
San Antonio, Texas 78205
(210) 554-5500
(210) 226-8395 FAX
Texas State Bar No. 17807700
bschouest@dykema.com

Adam Nunnallee
1717 Main Street, Suite 4200
Dallas, Texas 75201
(214) 462-6453
(855) 256-1482 FAX
Texas State Bar No. 24057453
anunnallee@dykema.com

**ATTORNEYS FOR OCWEN**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served upon on all counsel of record and pro se parties on March 16, 2018, in compliance with the Federal Rules of Civil Procedure.

*/s/ Adam Nunnallee*
Adam Nunnallee